IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DANIEL GALLO                                                                           PLAINTIFF

v.                                        No. 4:11-cv-640-DPM

DILLARD'S INC.                                                                        DEFENDANT

ORDER

Motion, *Document No. 19*, granted. Dillard's is right that there is no basis for relief under Federal Rule of Civil Procedure 60(b). *E.g., Prudential Insurance Co. of America v. National Park Medical Center, Inc.*, 413 F.3d 897, 903 (8th Cir. 2005). Under Rule 59(e), the question is whether Gallo had a valid reason for not amending his complaint to assert a § 1981 theory before judgment. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993).

In general, of course, trying to resuscitate a case post-judgment with a new theory is disfavored, and it should be. The Court could not function if a do-over was always available. But informing its discretion with all the material circumstances, the Court concludes that valid reasons exist for relief here. Gallo didn't plead a § 1981 claim because he didn't know he had one; he was proceeding *pro se* with a form complaint provided by the Clerk. This

case was in its infancy, less than two months old, when the Court granted Dillard's motion to dismiss. Gallo was trying to get a lawyer. And his § 1981 theory is just a different legal label on the detailed facts Gallo pleads in support of employment discrimination.

The Court acknowledges the no-new-legal-theories language in the cases. The Court has been unable to find precedent, however, requiring or counseling that a non-frivolous lawsuit should end at the threshold in the circumstances presented. Moreover, Gallo is not attempting "to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). He is merely asserting an alternative means of recovery that would overcome the procedural bar on which the previous dismissal turned. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). In the circumstances, the Court sees no real prejudice in allowing the amendment.

Gallo's motion, *Document No. 19*, is granted pursuant to Rule 59(e). The earlier Judgment of the Court, *Document No. 15*, is vacated. Gallo should file his amended complaint by 17 January 2012.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 January 2012