# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DANIEL GALLO                                                                    PLAINTIFF

v.                                    No. 4:11-cv-640-DPM

DILLARD'S INC.                                                                  DEFENDANT

## ORDER

Dillard's moves for summary judgment, *Document No. 34*. First, as a threshold matter, Dillard's says Gallo's claims fail because they hinge on discrimination based on national origin — not race. Second, Dillard's says that even if this kind of discrimination were cognizable under § 1981, Gallo has failed to make a *prima facie* case. Third, Dillard's argues that Gallo has not offered any evidence that the company's legitimate, nondiscriminatory reasons for its actions are pretextual. This three-layer argument applies to all three of Gallo's claims: failure to hire, wrongful termination, and hostile work environment. Gallo has abandoned his hostile-work-environment claim. *Document No. 40, at* ¶ 4. The Court therefore dismisses it. It is unclear whether Gallo still maintains his wrongful-termination claim. The Court will therefore analyze it.

**1. National origin vs. Race.** "Section 1981 does not authorize discrimination claims based on national origin." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1053 (8th Cir. 2011). Gallo does not contest this law. Instead, he attempts to conflate race and national origin. Although Arkansas law prohibits discrimination in employment on the basis of national origin, which is defined to include ancestry, ARK. CODE ANN. §§ 16-123-107(a) & -102(6), there is a clear distinction between the two types of claims under federal law. *Torgerson*, 643 F.3d at 1031.

Gallo's testimony makes clear that his claims are based solely on national origin and that Brown, manager of Dillard's aviation department, had no reason to know Gallo was Hispanic before Gallo revealed he was from Colombia. Gallo even told the EEOC that he believes he was not hired because of his national origin. While Gallo did mention in his deposition that his Hispanic race was tied to his national origin, Gallo agreed that, "what tipped the scales was the fact that he was from Columbia, and Jim Brown had a bad experience with a Colombian pilot."

All these facts are conclusive. Because national origin is not included under § 1981, all of Gallo's claims fail at the threshold. The Court nonetheless

-2-

will address Gallo's two remaining claims on the merits as alternative holdings.

**2. Wrongful Termination.** Gallo acknowledges that he was a contract pilot, flying for Dillard's on an as-needed basis. He was not an employee. His wrongful termination claim is based on Dillard's no longer using his services. There is, as Dillard's correctly notes, no Eighth Circuit case holding that an independent contractor with no contract term can sue under 28 U.S.C. § 1981. And Gallo cited no such authority.

**a. No *prima facie* case.** Even if Gallo's claim as an independent contractor was cognizable under § 1981, he still has not made out a *prima facie* case of wrongful termination. His claim amounts to a bare allegation that Dillard's stopped using him as a contract pilot because he is Hispanic. *Wortham v. American Family Insurance Group*, 385 F.3d 1139, 1141 (8th Cir. 2004).

To make a *prima facie* case of wrongful discharge based on racial discrimination, Gallo must show that the discharge occurred in circumstances which give rise to an inference of unlawful discrimination. *Johnson v. AT&T Corp.*, 422 F.3d 756, 761 (8th Cir. 2005). Gallo presents no evidence that Brown

stopped using him in February 2010 because he was Hispanic. To the contrary, Brown's actions imply that Brown offered him the contract job after learning he was from Colombia and gave him extra training opportunities. That Brown decided one month later that Gallo's services were no longer needed raises "a strong inference that discrimination was not a motivating factor." *Arraleh v. County of Ramsey*, 461 F.3d 967, 976 (8th Cir. 2006).

**b. No evidence of pretext.** Dillard's says that it stopped using Gallo as a contract pilot because the quality of his performance was unacceptable. Dillard's chief Lear pilot, one Merrill, who flew some test flights with Gallo, recommended against contracting with him based solely on his observations of Gallo's mistakes in the cockpit.

In response, Gallo says, based on certain comments, that Merrill had racial animus toward him. Gallo attributes the following statements to Merrill: telling him to talk less on the radio; referring to hip-hop as "your kind of music"; and asking when he was "going to make an honest woman" of his girlfriend. These statements, standing alone or in combination with all of Gallo's evidence, do not support a claim of racial discrimination. *Arraleh*, 461 F.3d at 975. Gallo has therefore not raised any factual issues to rebut Dillard's

-4-

legitimate, nondiscriminatory reason for firing him.

**3. Failure to Hire.** Gallo alleges that Dillard's discriminated against him both when he initially interviewed and when it made the decision to hire Jeremy Henry in March 2010. Gallo says he should have initially been hired as an employee, rather than as a contract pilot. He also claims that he should have been hired for the position that became available in March 2010, even though Brown had determined his performance was unacceptable in February 2010.

As to the Henry hiring, Gallo must show that he was "treated differently than similarly situated persons who are not members of the protected class." *Bennett v. Nucor Corp.*, 656 F.3d 802, 819 (8th Cir. 2011). This is a rigorous test. *Ibid.* It requires that Henry be "similarly situated in all relevant respects before [Gallo] can introduce evidence comparing [himself] to [Henry]." *Ibid.* Henry's situation differs from Gallo's in two important ways. First, Henry applied in March, when Dillard's had an opening. Gallo applied in January, when no positions were available. Second, by the time the position opened in March, Brown had already decided that Gallo did not demonstrate the skill level necessary to become a Dillard's employee. Gallo

was never even in the running for the position Henry filled, based on his past performance.

**a. No *prima facie* case.** Gallo establishes a *prima facie* 'failure to hire' case "when he proves that (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class." *Arraleh*, 461 F.3d at 975. Even if the Court assumes that Gallo is Hispanic, he has not carried his burden on elements two, three, and four.

Gallo produced no evidence that Dillard's was accepting applications for an employee pilot position at the time he interviewed or during the time he worked as a contract pilot for Dillard's. Brown's testimony corroborates that there was no employee position available until after Dillard's stopped using Gallo's services. Neither Gallo nor a non-Hispanic person could have been offered or denied a position that did not exist. It is true that a spot did become available about a month after Dillard's stopped using Gallo. But Dillard's would not have considered Gallo then anyway based on his earlier performance.

**b. No evidence of pretext**. Even if Gallo could make a *prima facie* case, Dillard's offers two legitimate, nondiscriminatory reasons for not hiring him as an employee pilot. First, there was no employee position available when Gallo interviewed. Second, Gallo had already been eliminated from consideration for the position that became available two months after he interviewed. Brown decided that he lacked the requisite skill to pilot the company's aircraft.

That a Dillard's pilot told Gallo that the company had an employee position open in January is irrelevant to the analysis here because that person had no authority to make hiring decisions. Brown was the only person with that authority. Gallo concedes as much. Dillard's decision to hire Gallo on contract also does not imply that an employee position was available when he applied.

Gallo's attempts to rebut Dillard's reason for not hiring him in March are also unavailing. He raises no issues of fact regarding Dillard's legitimate explanation that his skill level was unacceptable. Gallo admits that Merrill told him on at least one occasion that he had technique problems. Brown had good cause for concern when Merrill reported that Gallo "had problems with

taxiing the airplane, the nose steering . . . and was a little rough on the controls." He also told Brown that Gallo aligned with the wrong runway and made a hard landing. Although Gallo contests whether Merrill's evaluation of his performance was fair, he has not presented evidence to support his claim that Brown's decision was based on racial animus.

\* \* \*

Dillard's motion for summary judgment, *Document No. 34*, is granted. All of Gallo's claims are dismissed with prejudice. Dillard's motion to compel and to extend the discovery deadline, *Document No. 32*, is denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 January 2013